UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FERNANDO SANTANA,<br><br>                  Plaintiff,<br><br>-against-<br><br>JOHN DOE OF T.D. 11; JOHN DOE OF T.D. 11; CITY OF NEW YORK POLICE DEPARTMENT,<br><br>                  Defendants. | 21-CV-4720 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his federal constitutional rights by using excessive force against him. By order dated May 27, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "formulaic recitation[s] of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following allegations are taken from the complaint. On May 23, 2021, at approximately 6:30 p.m., Plaintiff was arrested by Defendant Police Officer John Doe #1 of Transit District 11 ("T.D. 11") of the New York City Police Department ("NYPD").[1] (ECF No. 2, at 4.) Plaintiff asserts that he was "assaulted" by Officer John Doe #1 inside T.D. 11's "processing/booking room" while he was "being processed to be taken to" Lincoln Hospital. (*Id.*)

---

[1] Plaintiff does not specify why he was arrested.

Later that day, at approximately 11:00 p.m., Plaintiff, who was handcuffed behind his back, was admitted to Lincoln Hospital and under the supervision of Defendant Police Officer John Doe #2 of T.D. 11. (*Id.*) Plaintiff requested that he be cuffed with only one of his wrists restrained. Officer John Doe #2 denied the request, even though Plaintiff had been "cuffed with [his] hands behind [his] back for over" two hours. (*Id.*) When Plaintiff started to complain, Officer John Doe #2 told him to "shut the fuck up," "stop complaining," and "man up." (*Id.*) Plaintiff asserts that Officer John Doe #2 then "started to physically assault" Plaintiff "in order for [Plaintiff] to comply with [the officer's] orders." (*Id.*)

Plaintiff suffered "bruising to the left part of the facial area," "bruising to both elbows," and "bruising and laceration to bottom of lip." (*Id.* at 5.) He seeks "no less th[a]n $150,000.00" in damages. (*Id.*)

## DISCUSSION

Because Plaintiff alleges that Defendants violated his federal constitutional rights, the Court construes Plaintiff's allegations as asserting claims under 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). The Court construes Plaintiff's allegations that Defendant Officers assaulted him at the police station and Lincoln Hospital, and cuffed both his hands, as asserting claims that Defendants used excessive force against him in violation of his rights under the Fourth Amendment.

**A.      Claims arising from the alleged assault**

Plaintiff asserts that both Officers John Doe #1 and John Doe #2 assaulted him. "Police officers' application of force is excessive, in violation of the Fourth Amendment, if it is 'objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motivation.'" *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 267 (S.D.N.Y. 2013) (quoting *Papineau v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006)). Whether the force used is unreasonable and therefore excessive is a fact-specific inquiry. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004). In determining whether the force used in a given arrest is reasonable, courts pay careful attention to the facts and circumstances of each case, including: (1) the severity of the crime at issue; (2) whether the arrestee poses an immediate threat to the safety of the officers or others; and (3) whether the arrestee is actively resisting arrest or attempting to evade arrest by flight. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *see also Chamberlain v. City of White Plains*, 986 F. Supp. 2d 363, 383-84 (S.D.N.Y. 2013) (applying the *Graham* factors in a motion to dismiss under Rule 12(b)(6)); *Pluma v. City of New York*, No. 13-CV-2017, 2015 WL 1623828, at *6 (S.D.N.Y. Mar. 31, 2015) (applying the *Graham* factors in a motion on the pleadings under Rule 12(c)).

In addition, excessive force claims require allegations of "serious or harmful" force rather than merely "a de minimis use of force." *Drummond v. Castro*, 522 F. Supp. 2d 667, 678 (S.D.N.Y. 2007) (internal quotation marks and citations omitted) (granting the defendant's motion for summary judgment as to the plaintiff's excessive force claim when the plaintiff does not allege any injury from his arrest); *see also Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 243 (S.D.N.Y. 2014) (internal citation omitted) (applying the same standard in a Rule 12(c) context). Hence, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a

judge's chambers, . . . violates the Fourth Amendment." *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004) (internal quotation marks and citations omitted).

Here, Plaintiff simply alleges that he was assaulted. He fails to allege any facts describing the extent of force used against him. Plaintiff also fails to allege any facts explaining what happened or why he was arrested and taken to Lincoln Hospital. Moreover, Plaintiff appears to suggest that he was not obeying Officer John Doe #2's commands. The Court therefore grants Plaintiff leave to submit an amended complaint alleging specific facts suggesting that Defendants used excessive force against him.

**B.     Claims arising from handcuffing**

"Courts apply a separate standard to claims for excessive force in the use of handcuffs." *Usavage v. Port Auth. of N.Y & N.J*, 932 F. Supp. 2d 575, 592 (S.D.N.Y. Mar. 26, 2013) (quoting *Sachs v. Cantwell*, No. 10 Civ. 1663, 2012 WL 3822220, at *14 (S.D.N.Y. Sept. 4, 2012)). In evaluating claims arising from the use of handcuffs, courts must consider: (1) whether "the handcuffs were unreasonably tight; (2) [whether] the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and (3) the degree of injury to the wrists." *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 377 (S.D.N.Y. 2015) (emphasis and alteration omitted) (quoting *Lynch ex rel. Lynch v. City of Mount Vernon*, 567 F. Supp. 2d 459, 468 (S.D.N.Y. 2008).

The injury factor is particularly important, *Usavage*, 932 F. Supp. 2d at 592 (internal quotation marks and citation omitted), especially when a plaintiff brings a handcuff-based excessive force claim but does not allege excessively tight handcuffs, *see, e.g.*, *Lloyd v. City of New York*, 246 F. Supp. 3d 704, 724 (S.D.N.Y. 2017) (discussing an excessive force claim based on the injury caused by the use of rear double handcuffing). Generally, the injury a plaintiff

suffers as a result of being handcuffed needs to be "beyond temporary discomfort or bruising." *Id.* (quoting *Omor v. City of New York*, No. 13-CV-2439, 2015 WL 857587, at *7 (S.D.N.Y. Feb. 27, 2015)); *see also Lynch*, 567 F. Supp. 2d at 468 (collecting cases); *Higginbotham*, 105 F. Supp. 3d at 377 (collecting cases). The injury need not be severe or permanent but must be more than merely *de minimis*. *Usavage*, 932 F. Supp. 2d at 592.

Here, Plaintiff has not alleged facts sufficient to state an excessive force claim based on being handcuffed by Defendants. Although Plaintiff alleges multiple injuries related to events on May 23, 2021, he does not allege any facts suggesting that any of those injuries – bruising to the left part of the facial area, bruising to both elbows, and bruising and laceration to bottom of lip – are the result of being handcuffed. Moreover, Plaintiff's allegations suggest that he may have been uncomfortably handcuffed for two hours, but courts in this District have dismissed excessive force claims where the plaintiff was uncomfortably handcuffed for even longer periods of time. *See, e.g.*, *Omor*, 2015 WL 857587, at *7 (four to five hours). If Plaintiff submits an amended complaint, he should allege facts suggesting that he suffered injury beyond temporary discomfort or bruising as a result of being handcuffed.

C.     **Claims against NYPD**

It is unclear whether Plaintiff intended to assert claims against the NYPD. Plaintiff includes the NYPD as a Defendant in the caption of the complaint but does not include it in the body of the complaint. In any event, to the extent Plaintiff is asserting claims against the NYPD, those claims must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New*

*York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

To the extent a plaintiff intends to sue a municipality such as the City of New York under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing: (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

If Plaintiff intends to assert claims against the City of New York in the amended complaint, he must list it as a defendant in the caption of the amended complaint and allege facts suggesting that a municipal policy, custom, or practice caused the violation of his constitutional rights.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under section 1983, the Court grants Plaintiff sixty days' leave to amend his complaint to detail his claim.

First, Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. Plaintiff should name only those defendants who were personally and directly involved in violating his rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.

In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)   the names and titles of all relevant people;

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-4720 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:     July 2, 2021
           New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

          **-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No
            (check one)

___ Civ. _____ (  )

**I.**     **Parties in this complaint:**

A.     List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff's     Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.     List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1     Name _____ Shield #_____
                       Where Currently Employed _____
                       Address _____
                       _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Who did
what?

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

What
happened
to you?

_____

_____

_____

*Rev. 01/2010*                              2

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____

**Who else saw what happened?**

## III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."   Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes _____    No _____    Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes _____    No _____    Do Not Know _____

If YES, which claim(s)?
_____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes _____    No _____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes _____    No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
_____

1.      Which claim(s) in this complaint did you grieve?
_____

_____

2.      What was the result, if any?
_____

_____

3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
_____

_____

_____

_____

F.      If you did not file a grievance:

1.      If there are any reasons why you did not file a grievance, state them here:
_____

_____

_____

_____
_____
_____

2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

<u>Note:</u>    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.     Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____
_____
_____
_____

**VI.    Previous lawsuits:**

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

**On these claims**

   Yes _____ No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2. Court (if federal court, name the district; if state court, name the county) _____
   _____

   _____ 3.    Docket or Index number _____
   _____ 4.    Name of Judge assigned to your case_____
   5.    Approximate date of filing lawsuit _____
   6.    Is the case still pending?  Yes _____ No _____
         If NO, give the approximate date of disposition_____
   7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
   _____
   _____

**On other claims**

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes _____     No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

   1.    Parties to the previous lawsuit:

   Plaintiff _____
   Defendants _____

   2.    Court (if federal court, name the district; if state court, name the county) _____
   _____

   _____ 3.    Docket or Index number _____
   _____ 4.    Name of Judge assigned to your case_____
   5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____
      If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there
      judgment in your favor?  Was the case appealed?)  _____
      _____
      _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

                    Signature of Plaintiff      _____

                    Inmate Number              _____

                    Institution Address         _____

                                               _____

                                               _____

                                               _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
         their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                    Signature of Plaintiff:   _____