UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FERNANDO SANTANA,

                Plaintiff,

- against -

OFFICER MD RHAMAN, Shield #6169;
OFFICER ALBERTO PADILLA, Shield
#15335; and JOHN DOE (FRONT DESK
OFFICER),

                Defendants.

**ORDER**

21 Civ. 4720 (PGG) (GWG)

PAUL G. GARDEPHE, U.S.D.J.:

      Pro se Plaintiff Fernando Santana brings this Section 1983 action against Defendants Officer MD Rhaman, Officer Alberto Padilla, and John Doe (Front Desk Officer). (See Second Am. Cmplt. (Dkt. No. 23))

      The Complaint was filed on May 26, 2021. (Cmplt. (Dkt. No. 2)) On July 2, 2021, Judge Swain granted Plaintiff leave to file an amended complaint that complies with standards set forth in her Order. (July 2, 2021 Order (Dkt. No. 4) at 9) On December 2, 2021, Plaintiff filed the Amended Complaint. (Am. Cmplt. (Dkt. No. 10))

      On December 6, 2021, the case was reassigned to this Court. That same day, this Court issued an Order pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), requiring the New York City Law Department (the "City") to identify the John Doe Defendants named in the Amended Complaint, and directing Plaintiff to file a second amended complaint within thirty days of the City's response. (Dec. 6, 2021 Order (Dkt. No. 12) at 1-2) On December 8, 2021, this Court referred this case to Magistrate Judge Gorenstein for general pretrial supervision. (Dec. 8, 2021 Order (Dkt. No. 14))

On December 7, 2021, an information package that included, inter alia, the December 6, 2021 Valentin order, was mailed to Plaintiff at the address listed in the Amended Complaint. On January 20, 2022, the package was returned as undeliverable. (Dkt. No. 13) On February 22, 2022, Plaintiff filed a notice of a change to his address. (Dkt. No. 20)

On February 14, 2022, the City responded to the December 6, 2021 Valentin order and identified the two John Doe Defendants as Officer MD Rhaman and Officer Alberto Padilla. (Feb. 14, 2022 Ltr. (Dkt. No. 19) at 1) Plaintiff did not file a second amended complaint within thirty days of the City's response. On May 2, 2022, Judge Gorenstein sua sponte extended Plaintiff's deadline to file a second amended complaint. (May 5, 2022 Order (Dkt. No. 22) at 1) On June 7, 2022, Plaintiff filed the Second Amended Complaint, and added allegations regarding an additional John Doe Defendant. (Second Am. Cmplt. (Dkt. No. 23) at 4)

On June 10, 2022, Judge Gorenstein issued a second Valentin order, requiring the City to identify the additional John Doe Defendant named in the Second Amended Complaint, and directing Plaintiff to file a third amended complaint within thirty days of the City's response. (June 10, 2022 Order (Dkt. No. 24) at 1) On June 29, 2022, the City responded and identified the additional John Doe Defendant. (June 29, 2022 Ltr. (Dkt. No. 28) at 1) Plaintiff did not file a third amended complaint within thirty days of the City's response. On August 8, 2022, Judge Gorenstein sua sponte issued an order extending Plaintiff's deadline to file a third amended complaint and warning Plaintiff that if he did not timely file a third amended complaint, the case may be dismissed for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (Aug. 8, 2022 Order (Dkt. No. 29) at 1) Plaintiff did not file a third amended complaint.

In a September 14, 2022 order, Judge Gorenstein directed Plaintiff to "file a letter or memorandum of law by October 5, 2022" explaining why he had not filed a third amended complaint, and warning that a "fail[ure] to comply with this order may result in his case being dismissed for failure to prosecute" under Fed. R. Civ. P. 41(b). (Sept. 14, 2022 Order (Dkt. No. 30) at 1) Plaintiff has not responded to the September 14, 2022 order.

The docket reflects that the June 10, 2022, August 8, 2022, and September 14, 2022 orders were all mailed to Plaintiff at the address he provided in his notice of change of address, and that none of these mailings were returned as undeliverable. (R&R (Dkt. No. 40) at 2)

On February 3, 2023, Judge Gorenstein issued a Report and Recommendation ("R&R") recommending that this case be dismissed without prejudice for failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). (See R&R (Dkt. No. 40))

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations." 28 U.S.C. § 636(b)(1)(C); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

In accordance with Fed. R. Civ. P. 72, the R&R sets a deadline for objections, and states the consequences of a failure to object in a timely manner:

> Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file any objections. . . . If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal.

3

(R&R (Dkt No. 40) at 4 (citing Fed. R. Civ. P. 6(a)-(b), (d); Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)))

No party has filed objections to Judge Gorenstein's R&R. The docket reflects that the R&R was mailed to Plaintiff at the address he provided in his notice of change of address. (Dkt. No. 20)

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Here, despite clear warning that a failure to file objections would result in a waiver of judicial review, no party filed objections to Judge Gorenstein's R&R. (See R&R (Dkt. No. 40) at 4) "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

Because no party filed objections to Judge Gorenstein's R&R, the parties have waived judicial review. This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984

4

F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note); see also Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.").

In his R&R, Judge Gorenstein states that, "[w]hile the text of Rule 41(b) addresses only the situation in which a defendant moves for dismissal, 'it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case sua sponte for failure to prosecute.'" (R&R (Dkt. No. 40) at 2 (quoting LeSane v. Hall's Sec. Analyst Inc., 239 F.3d 206, 209 (2d Cir. 2001))) Judge Gorenstein then addresses the factors a district court must weigh when considering a Rule 41(b) dismissal:

> "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal."

(Id. at 2-3 (quoting Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam)))

Judge Gorenstein concludes that "[t]hese factors strongly counsel in favor of dismissal," because "Santana has taken no action on this case since filing his Second Amended Complaint on June 7, 2022," "[h]e has failed to respond to three orders from this Court," and "[t]he latter two [o]rders warned Santana that 'failing to comply with this order may result in his case being dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b).'" (Id. at 3 (quoting Sept. 14, 2022 Order (Dkt. No. 30); citing June 10, 2022 Order (Dkt. No. 24); Aug.

5

8, 2022 Order (Dkt. No. 29); Sept. 14, 2022 Order (Dkt. No. 30))) Judge Gorenstein notes that "[i]n February 2022, Santana filed a [notice of] change of address, thus demonstrating that he understands the importance of maintaining a current address with the Court." (Id. (citing (Dkt. No. 20)))

Judge Gorenstein further reasons that "[t]he defendants in this case are likely to be prejudiced by this delay, as witness memories fade," and "[t]he Court has a strong interest in managing its docket and cannot indefinitely wait for Santana to make the appropriate filings." (Id. (citing Ketter v. United States, No. 18 Civ. 8574 (MKV) (GWG), 2020 WL 3550708, at *3 (S.D.N.Y. July 1, 2020), report and recommendation adopted, 2021 WL 2827027 (S.D.N.Y. July 7, 2021))) "Furthermore, Santana's 'failure to comply with the [C]ourt's order or make an attempt to prosecute this case dismisses his right to have the court hear his claim.'" (Id. (alteration in original) (quoting George v. Cousins Printing LLC, No. 06 Civ. 6135 (RLC), 2008 WL 4093057, at *2 (S.D.N.Y. Sept. 2, 2008))) Judge Gorenstein concludes that, "in light of Santana's failure to comply with this Court's orders, . . . [no] lesser sanction will succeed in altering [Santana's] behavior and moving this case to a conclusion." (Id. (quoting George, 2008 WL 4093057, at *2)) "Accordingly, dismissal is appropriate." (Id. (citing Ruzsa v. Rubenstein & Sendy Atty's at L., 520 F.3d 176, 178 (2d Cir. 2008) (per curiam); Rubin v. Abbott Lab'ys, 319 F.R.D. 118, 122 (S.D.N.Y. 2016)))

Judge Gorenstein recommends that the case be dismissed without prejudice because "'dismissal with prejudice is "a harsh remedy to be utilized only in extreme situations."'" (Id. (quoting Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982); Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)))

6

This Court has reviewed Judge Gorenstein's R&R and finds it to be thorough, well-reasoned, and free of any clear error. Accordingly, Judge Gorenstein's R&R (Dkt. No. 40) is adopted in its entirety, and the case is dismissed without prejudice, pursuant to Fed. R. Civ. P. 41(b).

The Clerk of Court is directed to mail a copy of this Order to pro se Plaintiff Santana at the address indicated on the docket, and to close this case.

Dated:  New York, New York
        May 31, 2023

SO ORDERED.

*Paul A. Gardephe*
Paul G. Gardephe
United States District Judge